**STATE OF MAINE,**
**YORK, ss.**

**SUPERIOR COURT**
**CIVIL ACTION**
**Docket No. CV-2020-**

| | | |
|---|---|---|
| **KYLE BEROUNSKY,**<br>An individual residing in the Town of<br>North Berwick, County of York,<br>State of Maine,<br><br>       **Plaintiff,**<br><br>v.<br><br>**OCEANSIDE RUBBISH, INC.,**<br>A business corporation operating<br>in the Town of Sanford, County of York,<br>State of Maine,<br><br>       **Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **COMPLAINT** |

## COMPLAINT AND JURY DEMAND

By this action, the Plaintiff seeks to recover against the Defendant for, inter alia: 1) Unlawful Discrimination and Discharge or Constructive Discharge in Violation of the Americans with Disabilities Act; 2) Failure to Accommodate a Disability in Violation of the Americans with Disabilities Act; 3) Unlawful Discrimination and Discharge or Constructive Discharge in Violation of the Maine Human Rights Act; and 4) Failure to Accommodate a Disability in Violation of the Maine Human Rights Act.

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Kyle Berounsky is a resident of North Berwick, York County, Maine.

2. Defendant Oceanside Rubbish, Inc, is a Business Corporation that operates in Sanford, Maine.

3. This Court is an appropriate forum for this dispute because both parties reside in York County and York County is where the claims occurred.

## STATEMENT OF FACTS

4. Defendant employed Plaintiff as a trash hauler from December 8, 2017 until January 7, 2018.

5. Plaintiff is clinically diagnosed with Asperger's Syndrome and post-traumatic stress disorder (PTSD).

6. Plaintiff informed Defendant of his Asperger's Syndrome disability and PTSD and listed his disabilities on his pre-employment application.

7. Plaintiff's job was to ride on a trash truck and load trash inside the trash truck.

8. Plaintiff sought a promotion to drive a trash truck. Upon information and belief, a driver's position was available and drivers earn more money than haulers.

9. Plaintiff was qualified, or could easily qualify, to drive a trash truck.

10. Plaintiff submitted medical authorizations to Defendant stating that his disabilities were not a barrier to driving a trash truck.

11. Defendant, because of Plaintiff's disabilities, would not and did not allow Plaintiff to drive a trash truck.

12. Plaintiff was denied a promotion and lost increased income because of Defendant's discrimination.

13. On or about December 8, 2017, Plaintiff was required to attend a meeting with Defendant's owner, Karl, and Defendant's HR Officer, Donna Coleman.

14. At the meeting, Plaintiff was told that the women who work in the office were afraid of him because of Plaintiff's Asperger's.

15. Plaintiff did absolutely nothing that should or would cause any reasonable person fear.

16. Plaintiff was told he could not return to work until Defendant's owner of the company, Karl, gave permission for him to return to work.

17. Karl never gave permission for Plaintiff to return to work because he chose to placate the women in the office.

18. On or about December 26, 2017, Plaintiff called Donna Coleman and asked when he could return to work. Donna Coleman told Plaintiff he needed to speak with Karl.

19. Plaintiff called and text messaged Karl and never reached or heard from him.

20. Despite Plaintiff's calls and text messages, Karl did not respond.

21. On or about January 1, 2018, Plaintiff filed for unemployment compensation.

22. During the hearing, Defendant told the unemployment hearing office that Plaintiff was "laid off".

23. Plaintiff was "laid-off," discharged or constructively discharged because of his disabilities.

24. Unjustifiably, the Defendant ended Plaintiff's employment because women in the office alleged his presence made them uncomfortable and/or because he asked to drive a truck.

25. Defendant should not have given in to the bigotry and discriminatory attitudes of the women in the office.

26. By doing so, Defendant joined in their bigotry and discriminated against Plaintiff.

27. Plaintiff filed a complaint with the Maine Human Rights Commission on or around February 18, 2018.

3

28. On July 26, 2019, Plaintiff was issued a Right to Sue letter by the Maine Human Rights Commission.

29. Plaintiff has suffered injuries and indignities, including economic damages and losses as the result of Defendant's actions. Defendant is liable to Plaintiff in an amount to be determined for, inter alia, Unlawful Discrimination and Discharges or Constructive Discharge in Violation of the Americans with Disabilities Act; Failure to Accommodate a Disability in Violation of the Americans with Disabilities Act; Unlawful Discrimination and Discharge or Constructive Discharge in Violation of the Maine Human Rights Act; and Failure to Accommodate a Disability in Violation of the Maine Human Rights Act.

## COUNT I — UNLAWFUL DISCRIMINATION AND DISCHARGE OR CONSTRUCTIVE DISCHARGE ON THE BASIS OF DISABILITY IN VIOLATION OF AMERICANS WITH DISABILITIES ACT

30. Plaintiff repeats and re-alleges each of the allegations contained in paragraphs 1-33, as if set forth fully herein.

31. Defendants' conduct as herein alleged violated the Americans with Disabilities Act, 42 U.S.C. § 12101 et. seq., which makes unlawful discrimination against employees on the basis of a disability.

32. Defendant discriminated against Plaintiff in violation of the Americans with Disabilities Act when Defendant effectively penalized by not promoting to drive, and then "laid-off" or discharged or constructively discharged Plaintiff, because he has Asperger's Syndrome and PTSD.

33. As a proximate result of Defendant's discriminatory actions, Plaintiff has losses in

4

compensation, earning capacity, humiliation, mental anguish and emotional distress. As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proved at trial.

34. Defendant's unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights.

35. By virtue of the foregoing, Defendant is liable to Plaintiff for discrimination and discharge or constructive discharge in violation of the Americans with Disabilities Act in an amount to be determined together with interest and costs.

## COUNT II – UNLAWFUL FAILURE TO ACCOMMODATE DISABILITY IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

36. Plaintiff repeats and re-alleges each of the allegations contained in paragraphs 1-39, as if set forth fully herein.

37. Defendant's conduct, as herein alleged, violated 42. U.S.C. § 12101 et. seq., which requires an employer to "accommodate" a disability.

38. Defendant acted in violation of the Americans with Disabilities Act when, rather than initiating steps toward accommodating a disability, Defendant penalized, refused reasonable accommodation, and discharged or constructively discharged Plaintiff because he has Asperger's Syndrome and PTSD.

39. Accommodating Plaintiff's disability would not have cause Defendant any undue hardship.

40. As a proximate result of Defendant's discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish and emotional distress. As a result of those actions and consequent harms, Plaintiff has suffered such damages in

5

an amount to be proved at trial.

41. Defendant's unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights.

42. By virtue of the foregoing, Defendant is liable to Plaintiff for failure to accommodate disability in violation of the Americans with Disabilities Act in an amount to be determined together with interest and costs.

## COUNT III – UNLAWFUL DISCRIMINATION AND DISCHARGE OR CONSTRUCTIVE DISCHARGE TO ACCOMMODATE DISABILITY IN VIOLATION OF MAINE HUMAN RIGHTS ACT

43. Plaintiff repeats and re-alleges each of the allegations contained in paragraphs 1-46, as if set forth fully herein.

44. Defendant's conduct herein alleged violated Maine's Human Rights Act, which makes it an unlawful employment practice for an employer to discharge or discriminate against an employee in the terms, conditions and privileges of employment because of his disability. 5 M.R.S.A. § 4572.

45. Defendant discriminated against Plaintiff in violation of the Maine Human Rights Act when Defendant effectively penalized, denied a reasonable accommodation, and discharged or constructively discharged Plaintiff because he has Asperger's Syndrome and PTSD.

46. As a proximate result of Defendant's discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish and emotional distress. As a result of those actions and consequent harms, Plaintiff has suffered such damages in

an amount to be proved at trial.

47. Defendant's unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights.

48. By virtue of the foregoing, Defendant is liable to Plaintiff for unlawful discrimination and discharge or constructive discharge in violation of the Maine Human Rights Act in an amount to be determined together with interest and costs.

## COUNT IV- UNLAWFUL FAILURE TO ACCOMMODATE DISABILITY IN VIOLATION OF MAINE HUMAN RIGHTS ACT

49. Plaintiff repeats and re-alleges each of the allegations contained in paragraphs 1-52, as if set forth fully herein.

50. Defendant's conduct herein alleged violated Maine's Human Rights Act, which makes it an unlawful employment practice for an employer to discharge or discriminate against an employee in the terms, conditions and privileges of employment because of his disability. 5 M.R.S.A. § 4572.

51. Defendant violated the Maine Human Rights Act when, rather than initiating steps toward accommodating a disability, Defendant denied Plaintiff, the position of driver, effectively suppressing his pay, denied him a reasonable accommodation and discharged or constructively discharged Plaintiff because he has Asperger's Syndrome and PTSD.

52. Accommodating Plaintiff's disability would not have cause Defendant any undue hardship.

53. As a proximate result of Defendant's discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish and emotional distress.

7

As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proved at trial.

54. Defendant's unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights.

55. By virtue of the foregoing, Defendant is liable to Plaintiff for failure to accommodate a disability in violation of the Maine Human Rights Act in an amount to be determined together with interest and costs.

## RELIEF SOUGHT

WHEREFORE, Plaintiff demands judgement against Defendant as follows:

1. Enter a declaratory judgement that the practices complained of in this complaint are unlawful and violate the Americans with Disabilities Act and the Maine Human Rights Act;

2. Order Defendant to pay the wages, salary, employment benefits and other compensation denied or lost to Plaintiff to date by reason of Defendant unlawful action, in amounts to be proven at trial;

3. Order Defendant to pay compensatory damages for Plaintiff's emotional pain and suffering, in an amount to be proven at trial;

4. Order Defendant to pay exemplary and punitive damages;

5. Order defendant to pay attorney's fees and costs of the action;

6. Order Defendant to pay interest at the legal rate on such damages as appropriate, including pre and post judgement interest;

7. Grant further relief that the Court deems just and proper.

**PLAINTIFF REQUESTS A TRIAL BY JURY**

DATED at South Portland, Maine, January ⟶ 2 , 2020

Respectfully Submitted,
Kyle Berounsky,
By his attorney,

Jeffrey Bennett, Esq., Bar #7223

LEGAL-EASE, LLC.
MALLSIDE PLAZA
198 Maine Mall Rd., #15
South Portland, ME 04106
T: (207) 805-0055
F: (207) 805-0099